1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10
11   QUINZELL HOOFBOOKER,                    Case No. 2:22-cv-01028-SPG-JDE
12                         Petitioner,       **ORDER ACCEPTING FINDINGS AND**
                                             **RECOMMENDATIONS OF UNITED**
13            v.                             **STATES MAGISTRATE JUDGE**
14   THERESA CISNEROS,
15
16                         Respondent.
17
18
19         Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition for
20   Writ of Habeas Corpus by a Person in State Custody (ECF No. 30 ("Petition")), the records
21   on file, the Report and Recommendation of the United States Magistrate Judge (ECF
22   No. 49 ("Report")), and Petitioner's Objections to Report and Recommendations (ECF
23   No. 52 ("Objections")).   The Court has further made *de novo* determinations as to the
24   portions of the Report to which Petitioner filed objections.
25         The Petition raises eleven grounds for habeas relief.  (Pet. at 5–11).  The Report
26   recommends denial of the Petition and dismissal of this action with prejudice.  (R. & R.
27
28

at 55).  For the following reasons, Petitioner's Objections to the Report do not warrant a change to the Report's findings or recommendations.[1]

For Ground One, Petitioner objects that his trial counsel was ineffective for failing, at the resentencing hearing, to ask the trial court to strike Petitioner's prior strike convictions under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (Cal. 1996).  (Objs. at 12–16).  As the Report reasonably found, however, trial counsel filed an unsuccessful *Romero* motion at Petitioner's original sentencing hearing, and Petitioner "has not shown any likelihood of a different outcome had his counsel repeated his *Romero*" argument on resentencing.  (R. & R. at 22–23).  Although Petitioner argues he would have received a different outcome, particularly due to his youth, (Objs. at 14–15), the trial court was aware of this argument and rejected it during his sentencing hearing, (ECF No. 41-9 at 229).  Thus, Petitioner failed to show that a renewed *Romero* motion "would have resulted in a successful motion and a concomitantly reduced sentence."  *Daire v. Lattimore*, 818 F.3d 454, 466 (9th Cir. 2016).

For Ground Two, Petitioner objects that his trial counsel was ineffective for failing to argue that his sentence of 75 years to life is cruel and unusual punishment.  (Objs. at 16–19).  The California Court of Appeal has already rejected this exact argument.  (ECF No. 13-5 at 65–67).  Nonetheless, Petitioner contends that his trial counsel could have prevailed on such an argument by presenting a comprehensive mitigation memorandum, psychiatric evaluations, and character witnesses.  (Objs. at 17–19).  This argument, which fails to specify what such documents and evidence would demonstrate, is speculative.  *See Gonzalez v. Knowles*, 515 F.3d 1006, 1015–16 (9th Cir. 2008) (concluding that petitioner failed to establish ineffective assistance of counsel for failure to investigate potentially

---

[1] Because the California Supreme Court's rejection of Petitioner's claims was not objectively unreasonable, the Report reasonably concluded that an evidentiary hearing was unwarranted.  (Report at 23 n.9).

mitigating evidence of mental illness or call family to testify on petitioner's behalf and holding that "[s]uch speculation is plainly insufficient to establish prejudice"); *Cooks v. Spalding*, 660 F.2d 738, 740 (9th Cir. 1981) (*per curiam*) (rejecting ineffective assistance of counsel claim grounded in lawyer's choice to try case before six- rather than twelve-person jury and holding that the petitioner's "claim of prejudice amounts to mere speculation").

For Ground Three, Petitioner objects that his trial counsel was ineffective for failing to appeal the sentence of 75 years to life that was imposed during the resentencing hearing. (Objs. at 19–22). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "[T]he failure to take a futile action can never be deficient performance . . . ." *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). Although Petitioner points out that his new sentence means he would be ineligible for parole until he is 98 years old (Objs. at 19, 21), this fact alone does not mean he had a nonfrivolous ground for appeal of his sentence. *See Tanner v. McDaniel*, 493 F.3d 1135, 1144–45 (9th Cir. 2007) (holding that Eighth Amendment challenge to sentence of life without parole did "not qualify as a nonfrivolous ground for appeal" where sentence would not have been invalidated as cruel and unusual). Furthermore, the Report recognized that Petitioner's counsel had already unsuccessfully raised this argument on a prior appeal, supporting a conclusion that appealing on these grounds again would be futile. (R. & R. at 22–23). Thus, the Report reasonably found that Petitioner failed to show deficient performance from his trial counsel's failure to appeal the new sentence. (*Id.* at 18).

For Ground Four, Petitioner objects that he raised "a different issue" than what the Report analyzed. (Objs. at 22–25). The Report analyzed Petitioner's claim that the trial court erroneously denied his motion for acquittal under California Penal Code Section

1118.1 and concluded that the trial court did not violate Petitioner's constitutional rights by denying the motion. (R. & R. at 28–29). Petitioner claims that the actual issue is whether the evidence was sufficient to support his convictions under *Jackson v. Virginia*, 443 U.S. 307 (1979). (Objections at 22). Although the Petition contends that the "[t]rial court erroneously denied Hoofbooker's § 1118.1 motion," (Pet. at 6), both the Report and the California Court of Appeal provided extensive analysis under the *Jackson* standard and concluded that a rational trier of fact could have found Petitioner perpetrated or aided and abetted the charged offenses beyond a reasonable doubt, (R. & R. at 28–29; ECF No. 13-5 at 41–47). Moreover, each of Petitioner's arguments—about purportedly unreliable eyewitness identifications, "guilt by association," possible confusion between Petitioner and his brother, and Petitioner's acquittal on a different charge, (Objs. at 24–25)—were considered and rejected by the California Court of Appeal, (ECF No. 13-5 at 13, 41–47). The Court has no basis to find that the California Court of Appeal's decision involved an unreasonable application of *Jackson*.

For Ground Five, Petitioner objects that the trial court erred in allowing evidence of Petitioner's prior convictions. (Objs. at 26–31). This objection cannot overcome the Report's finding that habeas relief is precluded for this claim because of the absence of clearly established federal law based on the holdings of the United States Supreme Court. (R. & R. at 29, 32–33). *See also Kipp v. Davis*, 971 F.3d 939, 951 n.8 (9th Cir. 2020) ("[T]here is no clearly established law that addresses whether the admission of a defendant's criminal history or prior bad acts would violate due process.").

For Ground Six, Petitioner objects that the trial court erred in allowing evidence of $8,300 and a gun that police found in a car in which Petitioner was riding. (Objs. at 31–34). As with Petitioner's objection as to Ground Five, this objection cannot overcome the Report's dispositive finding that habeas relief is precluded because of the absence of clearly established federal law. (R. & R. at 29, 35–36) (citing *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2020)).

For Ground Seven, Petitioner objects that he was prejudiced when the trial court reprimanded Petitioner's trial counsel in front of the jury. (Objs. at 34–36). As the Report reasonably found, however, the trial court's comment was not addressed towards Petitioner's counsel, and the trial court followed the comment with a limiting instruction to the jury. (Report at 53–54). Accordingly, the Report reasonably concluded that the incident fell well short of the "extremely high level of interference" necessary to show judicial bias, nor did it establish a "pervasive climate of partiality and unfairness." (*Id*. at 53) (quoting *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995)).

For Ground Eight, Petitioner objects that the trial court erred in failing to *sua sponte* instruct the jury that accomplice testimony required corroboration and should be viewed with caution. (Objs. at 36–37). Here, relief is precluded because, as the Report found, this claim does not implicate a constitutional violation. (R. & R. at 48–49). Although Petitioner argues that the failure to give the instruction lowered the prosecutor's burden of proof, (Objs. at 36–37), a prosecutor's burden of proof is not lowered by admitting accomplice testimony without an accompanying instruction. *See Caminetti v. United States*, 242 U.S. 470, 495 (1917) (holding that the failure to give an accomplice instruction was not grounds for reversal and noting that "there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them"). In any event, as recognized by the California Court of Appeal, even if this claim implicated Petitioner's constitutional rights, the trial court's failure to issue this instruction *sua sponte* was harmless because the accomplice testimony was sufficiently corroborated by other witnesses. (ECF No. 35-5 at 56–57).

For Ground Nine, Petitioner objects that the trial court erred in excluding part of the testimony of Dr. Eisen, the defense's eyewitness identification expert. (Objs. at 37–39). As the California Court of Appeal reasonably found, however, the exclusion of that evidence was harmless for multiple reasons. (ECF No. 13-5 at 19–23). In particular, the jury heard the essence of the excluded testimony—about the relationship between certainty

and accuracy in eyewitness identifications—from multiple sources, including the expert witness himself. (*Id.* at 21–23). As a result, the Report correctly concluded that the trial court's erroneous exclusion of Petitioner's expert witness testimony did not concern the kind of "critical, corroborative defense evidence" that, if excluded, "may violate both the Fifth Amendment due process right to a fair trial and the Sixth Amendment right to present a defense." (R. & R. at 46–47 (quoting *Chia v. Cambra*, 360 F.3d 997, 1003 (9th Cir. 2004)).

For Ground Ten, Petitioner objects that the trial court erred in allowing a detective to testify about gangs despite the prosecution's dismissal of the gang enhancement. (Objs. at 40–42). This objection cannot overcome the Report's finding, which is dispositive, that habeas relief for this claim is precluded because of the absence of clearly established federal law. (R. & R. at 29, 39–40). *See also Pena v. Tilton*, 578 F. App'x 695, 695 (9th Cir. 2014) (concluding that no clearly established federal law addresses whether the admission of gang evidence would violate due process). The Report also correctly recognized that any error would have been harmless, as the detective did not testify about Petitioner specifically; instead, other witnesses described Petitioner's gang affiliations and the gang-related nature of his crimes. (R. & R. at 39). *See also* (ECF No. 13-5 at 39–40).

For Ground Eleven, Petitioner objects that cumulative errors deprived him of due process and a fair trial. (Objs. at 42–43). Although Petitioner suggests there were weaknesses in the prosecution's case against him, (*id.*), this does not show cumulative error. As the errors Plaintiff identified are at most harmless, the Report correctly concluded that "there is no prejudice to accumulate." (R. & R. at 54–55). *See also Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible."); *Nguyen v. Wingler*, 468 F. App'x 662, 663 (9th Cir. 2011) ("Where there was only one harmless error, as in this case, there was no error to cumulate, and the cumulative error doctrine did not apply.").

In sum, Petitioner's objections are overruled.

1    IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted;

2  and (2) Judgment shall be entered denying the Petition and dismissing this action with

3  prejudice.

4

5  DATED:  March 5, 2024

6

7                                                              HON. SHERILYN PEACE GARNETT
                                                                UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28